**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

RECEIVED

OCT 0 7 2014

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Victor Watkins

_____

_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

**FILED**

10/30/2014

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

vs.

Anthony Martin
STAR# 14313
(individual capacity)

_____

_____

_____

(Enter above the full name of ALL
defendants in this action.  Do not
use "et al.")

Case No: 13 CV 09239

(To be supplied by the Clerk of this Court)

Judge Zagel

**CHECK ONE ONLY:**

Amended Complaint

✓_____  **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983**
**U.S. Code** (state, county, or municipal defendants)

_____  **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE**
**28 SECTION 1331 U.S. Code** (federal defendants)

_____  **OTHER** (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR*
*FILING."  FOLLOW THESE INSTRUCTIONS CAREFULLY.*

I.  **Plaintiff(s):**

A.  Name: _Victor Watkins_

B.  List all aliases: _none_

C.  Prisoner identification number: _B-37732_

D.  Place of present confinement: _Centralia C.C_

E.  Address: _P.O Box 7711 Centralia Il 62801_

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II. **Defendant(s):**
(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

A.  Defendant: _Anthony Martin_

Title: _Police Officer_

Place of Employment: _Chicago Police Dept._

B.  Defendant: _____

Title: _____

Place of Employment: _____

C.  Defendant: _____

Title: _____

Place of Employment: _____

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

2                                          Revised 9/2007

**III.** **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

A. Name of case and docket number: _____ N/a _____

B. Approximate date of filing lawsuit: _____ n/a _____

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: _____
_____
_____
_____

D. List all defendants: _____
_____ N/a _____
_____
_____

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): _____

F. Name of judge to whom case was assigned: _____ N/A _____
_____

G. Basic claim made: _____
_____ N/a _____
_____

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): _____ N/A _____
_____
_____

I. Approximate date of disposition: _____

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

Revised 9/2007

IV.    **Statement of Claim:**

State here as briefly as possible the facts of your case.  Describe how each defendant is involved, including names, dates, and places.  **Do not give any legal arguments or cite any cases or statutes.**  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  (Use as much space as you need.  Attach extra sheets if necessary.)

On 4-8-13 Defendant Anthony Martin # 14313 WAlked in a Closed AA meeting At 6325 S Drexal in a Senior Citizen Bldg. And Arrested plantiff for A Burglary that never was reported Without Arrest warrant, eye witness or probable Cause. This Alleged Burglary was not committed in the Defendants presence nor was the Alleged Burglary reported. On 8-4-11 Donita Nurse file A incident report for Theft of over $500 RD# HT431613 (report Attached) because there were Allegedly some items missing for her perfectly intact car. DNA (Blood) was smear on the car Door Allegelly. 20 months later Defendant used this Theft report to illegally Arrest plantiff for Burglary with Absolutely no evidence that a Burglary ever occured and no Burglary investigation was in progress. Defendant made this illegally Arrest Despite being told by Detective/Investigater of the Theft "Do not Arrest Solely on the basis of this DNA information

Revised 9/2007

Defendant never even Attempted to contact to Alleged victim to see if she wanted to pursue charges. Defendant made himself Judge, Jury, and Executioner in this willful and wanton Abuse of his Authority. Defendant mocked, laughed And ridiculed plantiff while in custody Plantiff was convicted and sentence to 12 years IDOC And is currently Appealing his conviction. Plantiff suffers from Nightmares, Deppression, crying, And headaches as a result of Defendants Actions. Plantiff Seek 1 million in compensatory Damages 1.5 million in punative Damages for False Arrest, False impresoment, Due Process violation, and Intentional Infliction of Emotional Distress. Defendant Violated State Law and Federal rights 4th and 14 amendments. On 5-19-13 under oath Defendant Admitted to most of these Allegation Defendant Didn't even have A Confirmatory swab sample of plantiff DNA to prove the Plantiff was the person in theft investigation. Plantiff was Arrested on suspicion and speculation

Revised 9/2007

**V.     Relief:**

State briefly exactly what you want the court to do for you.  Make no legal arguments.  Cite no cases or statutes.

1 million in Compensatory Damages
1.5 million in punative Damages
And to Deny any Dispositive motions
based on them being a pointless
waste of Courts time

**VI.**     The plaintiff demands that the case be tried by a jury.   ☑ YES     ☐ NO

CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief.  I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this ____2____ day of __Oct__ , 20 _14_

_____
(Signature of plaintiff or plaintiffs)

Victor Watkins
(Print name)

B-37732
(I.D. Number)

POBox 711
Centralia Ill 62801
(Address)

Revised 9/2007

# CHICAGO POLICE DEPARTMENT
## ARREST REPORT
**FINAL APPROVAL**

3510 S. Michigan Avenue, Chicago, Illinois 60653
(For use by Chicago Police Department Personnel Only)
CPD-11. 420C(REV. 6/30)

CB #: 18632848
IR #: 883968
YD #:
RD #: HT431613
EVENT #: 1121611406

### ARREST REPORTING



**OFFENDER**

**Name: WATKINS, Victor L**
**Res:** 520 E 47th St, #108
Chicago, IL 60653
None
**DOB:** 19 August 1970
**AGE:** 42 years
**POB:** Illinois
**STID -** 32587270236W - ILLINOIS
**ARMED WITH** Unarmed

**Beat:** 221

Male
Black
6' 02"
175 lbs
Brown Eyes
Black Hair
Short Hair Style
Dark Complexion

**INCIDENT**

**Arrest Date:** 08 April 2013 10:10
**Location:** 6225 S Drexel Ave
Chicago, IL 60637
090 - Apartment
**Holding Facility:** District 008 Lockup
**Resisted Arrest?** No

**TRR Completed?** No
**Beat:** 313

**Total No Arrested:** 1    **Co-Arrests**    **Assoc Cases**

**DCFS Ward ?** No

**Dependent Children?** No



**CHARGES**

1    **Offense As Cited**    **720 ILCS 5.0/19-1-A**
BURGLARY
Class 2 - Type F

Victim

**FELONY REVIEW**

**Felony Review :** Approved    08 APR 2013 18:25    Hardman,    State's Attorneys's Office

IR #883968

**RECOVERED NARCOTICS**

**NO NARCOTICS RECOVERED**

CB #:18632848

Chicago Police Department - ARREST Report

CB #: 18632848

WATKINS, Victor

## ARREST REPORTING

**WARRANT**

NO WARRANT IDENTIFIED

**NON-OFFENDER(S)**

VICTIM AND COMPLAINANT

Name: ▮▮▮▮▮▮▮▮

Res: ▮▮▮▮▮▮▮▮                Beat: 215    Female        Injured? No    Deceased? No
Black

**ARRESTEE VEHICLE**

NO ARRESTEE VEHICLE INFORMATION ENTERED

**PROPERTIES**

Confiscated Properties :
All confiscated properties are recorded in the e-Track System. This system can be queried by the inventory number to retrieve all official court documents related to evidence and/or recovered properties.

PROPERTIES INFORMATION FOR    WATKINS, Victor,    NOT AVAILABLE IN THE AUTOMATED ARREST SYSTEM.

**INCIDENT NARRATIVE**

(The facts for probable cause to arrest AND to substantiate the charges include, but are not limited to, the following)
EVENT #04430

ON TODAYS DATE AND TIME THE OFFENDER WAS LOCATED AT 6225 S DREXAL WHERE HE WAS PLACED INTO CUSTODY FOR BURGLARY AND TRANSPORTED INTO THE 008 DISTRICT FOR PROCESSING. ON 04-AUG-2011 THE VICTIMS CAR WAS BROKEN INTO AND PROPERTY VALUED AT OVER 1200 USC WAS TAKEN WITHOUT THE VICTIMS PERMISSION. THE OFFENDERS DNA (BLOOD) WAS RECOVERED FROM THE VICTIMS VEHICLE WHICH WAS REPORTED UNDER ISP CASE #C-11-34811 AND DNA ASSOCIATION #15730

NAME CHECK AND INVESTIGATIVE ALERT CHECK CLEAR
NOT IN TRAP OR GIPP
PRISONER PROPERTY INVENTORIED UNDER #12875530

**COURT INFO.**

Desired Court Date:    15 April 2013
Branch: 48-4    155 W 51ST ST - Room
Court Sgt Handle?  No
Initial Court Date:   09 April 2013
Branch:  CBC-1  2600 S CALIFORNIA - Room100
Docket #:

**BOND INFO**

BOND INFORMATION NOT AVAILABLE



**Chicago Police Department - ARREST Report**

CB #: 18632848

WATKINS, Victor

## ARREST REPORTING

**ATTESTING OFFICER:**

I hereby declare and affirm, under penalty of perjury, that the facts stated herein are accurate to the best of my knowledge, information and/or belief.

Attesting Officer:          #14313      MARTIN, A J              08 APR 2013 11:09

**ARRESTING OFFICER(S):**

|  |  |  | Beat |
|---|---|---|---|
| 1st Arresting Officer: | #14313 | MARTIN, A J ( | 0806F |
| 2nd Arresting Officer: | #11143 | SIKORSKI, J F | 0806F |

**APPROVING SUPERVISOR:**

Approval of Probable Cause :   #1982      POPP, K A              08 APR 2013 11:19

# CHICAGO POLICE DEPARTMENT
# ORIGINAL CASE INCIDENT REPORT

3510 S. Michigan Avenue, Chicago, Illinois 60653
(For use by Chicago Police Department Personnel Only)
CPD-11.388(5/03)-C)

RD #: HT431613
EVENT #: 1121611406
Case ID: 8198103    CASR229

## ASSIGNED TO FIELD

**IUCR:** 0810 - Theft - Over $500

**Occurrence Location:** 352 E 46th St
Chicago IL
304 - Street

**Beat:** 0222

**Unit Assigned:** 0202
**RO Arrival Date:** 04 August 2011 14:48

**Occurrence Date:** 04 August 2011 02:00 - 04 August 2011 07:00

# Offenders: 1

## VICTIM - Individual

**Name:** NURSE, Donita

**Res:** [redacted]

**Beat:** 0222

**Beat:** 5100

**Sobriety:** Sober

### Demographics

Female
Black

**DOB:**
**Age:**
**Birth Place:**
**DLN:** [redacted]

### Other Communications and Availability

**Residence Phone:** [redacted]

**Available Time**

## Suspect # 1

**Name:** UNK

### Demographics

### Other Communications and Availability

## RELATIONSHIP

(Victim)
NURSE, Donita          is a     Unknown of

( Offender )
UNK

## DOMESTIC INFO

## NARRATIVE

IN SUMMARY VICTIM STATED THAT ON THE ABOVE DATE AND TIME SHE WAS INFORMED BY HER NEIGHBOR THE HER PASSENGER SIDE DOOR WAS OPEN. FURTHER INVESTIGATION REVEALED THAT SOMEONE HAD BROKEN INTO HER AUTO, A 2001 HYUNDAI ACCENT PLATE #Y361008, AND TOOK HER PROPERTY FROM SAME. VICTIM OBSERVED HER HAIR CARE PRODUCTS WERE MISSING AS WELL AS HER MEDICATION FOR LUPUS. THE VICTIM ALSO OBSERVED BLOOD ON THE PASSENGER SIDE DOOR HANDLE. R/O REQUESTED AN E.T. BT5813 FOR SAME. TAKEN WAS A CASE OF HAIR CARE PRODUCTS VALUED AT 1000USC AND VICADEN PILLS VALUED AT 300USC. NO OTHER INFO AT THIS TIME.

---

Print Generated By: FREEMAN, DANIEL    (PC0R615)          Page  1  of  2          08-APR-2013 10:2?



Chicago Police Department

**RD #:** HT431613

| | Star No | Emp No | Name | User | Date | Unit | Beat |
|---|---|---|---|---|---|---|---|
| Approving Supervisor | 855 | #52957 | CLIFFORD, John, P | (PC0E950) | 04 Aug 2011 20:27 | 002 | |
| Detective/Investigator | 20814 | #31733 | FREEMAN, Daniel, R | (PC0R615) | 09 Aug 2011 12:33 | 610 | |
| Detective/Investigator | 20814 | #31733 | FREEMAN, Daniel, R | (PC0R615) | 27 Mar 2013 11:44 | 610 | |
| Detective/Investigator | 20160 | #54658 | MATEO JR, Evelio | (PC0J828) | 27 Mar 2013 09:44 | 606 | |
| Reporting Officer | 19889 | #55099 | JOYNER, Deborah, P | (PC0J848) | 04 Aug 2011 17:53 | 002 | 0202 |

Powered by CLEAR Technology

CHICAGO POLICE DEPARTMENT
# CASE SUPPLEMENTARY REPORT

| HT431613 |
| --- |

3510 S. Michigan Avenue, Chicago, Illinois 60653
(For use by Chicago Police - Bureau of Investigative Services Personnel Only)

Case id : 8198103
Sup id : 9945042    CASR339

| LAB REPORT | DETECTIVE SUP. APPROVAL COMPLETE |
| --- | --- |

| Last Offense Classification/Re-Classification | IUCR Code | Original Offense Classification | IUCR Code |
| --- | --- | --- | --- |
| THEFT / Over $500 | 0810 | THEFT / Over $500 | 0810 |

| Address of Occurrence | Beat of Occur | No of Victims | No of Offenders | No of Arrested | SCR No |
| --- | --- | --- | --- | --- | --- |
| ▮ | 215 | 1 | 1 | 0 | |

| Location Type | Location Code | Secondary Location | Hate Crime |
| --- | --- | --- | --- |
| Street | 304 | | No |

| Date of Occurrence | Unit Assigned | Date RO Arrived | Fire Related? | Gang Related? | Domestic Related? |
| --- | --- | --- | --- | --- | --- |
| 04-AUG-2011 02:00 - 04-AUG-2011 07:00 | 0202 | 04-AUG-2011 14:48 | NO | NO | NO |

| Reporting Officer | Star No | Approving Supervisor | Star No | Primary Detective Assigned | Star No |
| --- | --- | --- | --- | --- | --- |
| MATEO JR, Evelio | 20160 | NOWAKOWSKI, John | 1394 | FREEMAN, Daniel | 20814 |

| Date Submitted | Date Approved | Assignment Type |
| --- | --- | --- |
| 27-MAR-2013 09:54 | 02-APR-2013 16:18 | FIELD |

## THIS IS A FIELD INVESTIGATION LAB REPORT REPORT

**VICTIM(S):**                    ▮              **TYPE:  Individual**

Female / Black ▮

**DOB:**

**RES:**    ▮

**BIRTH**

**SOBRIETY:**    Sober
**OTHER COMMUNICATIONS:**
Residence ▮
Phone:

**DLN/ID:** ▮

**SUSPECT(S):**    <u>UNK</u>

**RELATIONSHIP OF VICTIM TO OFFENDER:**

▮                                            - Unknown

**LOCATION OF**    ▮
**INCIDENT:**
Chicago IL
304 - Street

**DATE & TIME OF**    04-AUG-2011 02:00 - 04-AUG-2011 07:00
**INCIDENT:**

**METHOD CODE(S):**    Theft From Auto Non-Acc

**CAU CODE(S):**    Dna

**PERSONNEL**    <u>Detective/Investigator</u>
**ASSIGNED:**    MATEO JR, Evelio    # 20160

HT431613

**HT431613**

DETECTIVE SUP. APPROVAL COMPLETE

| | | |
|---|---|---|
| FREEMAN, Daniel R | # 20814 | |
| FREEMAN, Daniel R | # 20814 | |
| **Reporting Officer** | | |
| JOYNER, Deborah P | # 19889 | **BEAT:** 0202 |

**CRIME CODE SUMMARY:**   0810 - Theft - Over $500

**IUCR ASSOCIATIONS:**   <u>0810 - Theft - Over $500</u>

█████████████  ( Victim )

UNK   ( Suspect )

**REPORT DISTRIBUTIONS:**   No Distribution

**INVESTIGATION:**

THIS IS A DNA ASSOCIATION REPORT SUBMITTED BY THE DNA UNIT.

Date / Time assigned: 27-MAR-13 0944 hrs.

Victim: ████████████

Subject of DNA Association: WATKINS, Victor

A DNA Association notification was received from Kathleen KOZAK, CODIS administrator for the Illinois State Police Forensic Science Center at Chicago, regarding DNA association #15730 ISP Case #C11-34811.

Illinois State Police
Forensic Science Center at Chicago
1941 West Roosevelt Rd.
Chicago, IL 60608-1229
(312) 433-8000

Association #15730

From: KAREN ABBINANTI

Date: 3/26/2013

Re: CODIS Convicted Offender Association

This information is being provided for investigative purposes only. You should not make an arrest solely on the basis of this information.

Note: An additional DNA standard (buccal swab or blood sample) from the convicted offender is necessary for confirmatory forensic analysis. Please complete an Evidence Submission Form and submit the standard to the CPD Division of Forensic Services. Once a standard has been submitted, a laboratory report with statistics will be forthcoming.

**HT431613**
DETECTIVE SUP. APPROVAL COMPLETE

Investigating Officer: Det. Freeman

Submitting Agency: CPD UNIT 610

RD/Agency Number: HT431613

Lab Case Number: C11-34811

Victim(s) Name: ███████████

Suspect(s) Name: n/a

Offense: Theft

Offender name: Victor Watkins

DOB: 08/19/1970

SID#: IL28879670

IL IDOC#: B37732

Additional Information: Male profile identified on swabs from interior passenger side door (inv# 12383947) matches convicted offender.

If you have any questions or require additional information please contact Forensic Scientist and CODIS Administrator Kathleen Kozak at ext. 2270.
R/D has no knowledge of this case and is only submitting this report to document the association provided to us from the ISP Forensic Science Center at Chicago.

Det E. Mateo #20160

1       OPENING STATEMENT

2         BY

3       THE DEFENDANT:

4      Your Honor, the basis of my challenge is

5  this, um, I was picked up and charged with a burglary.

6  Now, according to what I have in front of you right

7  now, there was never a burglary report made for me, and

8  I have no -- the CODIS hit for my information I've

9  gathered has no legal basis.  So I'm challenging my

10  arrest based on probable cause.

11      And on top of that, the Illinois State

12  Police information that they arrested me on clearly

13  says that they should not arrest me based on that

14  information by itself, and that's grounds for my

15  challenge, and the statement that they got, I never

16  made.

17  THE COURT:  Okay.  All right.  Call your witness.

18  THE DEFENDANT:  Officer Martin.

19  THE CLERK:  Raise your right hand, please.

20      (Witness duly sworn.)

21  THE WITNESS:  I do.

22  MS. OLSON:  Judge, would you like the defendant at

23  counsel table?

24  THE COURT:  Wherever he wants to go.

```
1                          (Whereupon there was a short pause

2                           in the proceedings)

3                          ANTHONY MARTIN,

4    a witness herein, called on behalf of the petitioner,

5    having been first duly sworn, was examined and

6    testified as follows:

7                        DIRECT EXAMINATION

8                              BY

9                        THE DEFENDANT:

10       Q    Officer Martin, can you state for the

11   record --

12       THE COURT:  You don't have to sit there, you can

13   come out here if you want (Indicating).  You just got

14   to speak up because it's a big room.

15       THE DEFENDANT  Q  Officer Martin, can you state

16   for the record your name and spell your last name and

17   your star number and your assignment?

18       A    Officer Anthony Martin, M-a-r-t-i-n, Star No.

19   14313, currently assigned to the 8th District, Chicago

20   Police Department.

21       Q    Okay, you're assigned to the 8th District?

22       A    Yes, sir.

23       Q    Um, on April 8, 2013, where were you at

24   approximately 9:30?
```

H-9

1       A       I believe I was in the 8th District station.

2       Q       And what were you doing in the 8th District

3       station?

4       A       Ah, working on a burglary case.

5       Q       A burglary case.  And who -- did anyone file

6       a burglary charge in this burglary case?

7       A       I don't understand what you're asking me.

8       THE COURT:  Do you understand that question?

9       THE WITNESS:  No, sir.

10      THE COURT:  Okay, rephrase the question.

11      THE DEFENDANT   Q   You were working on a burglary

12      case, that means there was case report for a burglary,

13      correct?

14      A       Yes.

15      Q       Okay, who was the victim in the case report

16      that you were investigating a burglary for?

17      A       I don't recall her name.

18      Q       Now, after -- while you were investigating an

19      alleged burglary case, what did you do next?

20      A       Detective Freeman (phonetic) gave me a

21      report, a DNA report that came back from the scene of

22      the burglary, that was recovered from the vehicle in

23      question.  With that information, your name was on that

24      report as the DNA in question.  With that, I ran your

H-10

1    name through our computer system and learned that you

2    were a victim in a possible robbery report -- a robbery

3    case I believe.  You had listed a phone number, and I

4    proceeded to call you.

5        Q    And what did you tell me when you called?

6        A    I told you I was investigating your case, and

7    that I had some pictures that I wanted to show you, at

8    which time you said you didn't want to proceed.  I then

9    asked you if it would be okay if I came out and you

10   sign a refusal to prosecute.  And also I wanted to show

11   you some pictures to help me go further in that case.

12       Q    And then what happened?

13       A    You agreed, you gave me your location, and

14   myself and Officer Campbell went to that location where

15   you were, I believe at an A A meeting, and at that

16   point and time, you were placed into custody.

17       Q    So you're saying that you located me based

18   on -- I was placed in custody because I -- you got

19   information that I was at an A A meeting, and I gave

20   you the information because I was supposed to sign some

21   papers based on a robbery report that I made, correct?

22       A    No, you were placed in custody because your

23   DNA came back from a scene of a burglary.

24       Q    What type of -- what was the defendant doing

H-11

```
1    at the time when you arrested him?

2         A    I believe you were at an alcohol anonymous

3    meeting.

4         Q    So the defendant was doing nothing illegal at

5    the time of the arrest?

6         A    Not to my knowledge.

7         Q    Okay.  Now, you came from the 8th District to

8    make a felony arrest without a warrant?

9         THE COURT:  He wants to know if you had a warrant.

10        THE WITNESS:  No, I did not have a warrant.

11        THE COURT:  He didn't have a warrant.

12        THE DEFENDANT  Q  Okay, you came from the 8th

13   District to the 3rd District to make a defendant arrest

14   without a warrant?

15        A    Correct.

16        Q    Okay, now this alleged crime happened in the

17   2nd District?

18        A    I'm sorry.

19        Q    This alleged crime happened at 46th and King

20   Drive, correct?

21        A    I don't recall the address.

22        Q    I have an incident report that says the

23   investigation was a theft, not a burglary, can you

24   explain to me why the defendant was arrested for a
```

H-12

1    burglary?

2        A    The case reporting purposes for the police

3    department, if someone breaks into a car, it's a theft

4    case report.   Charging is different than case

5    reporting.   For breaking into a car, you could be

6    charged with a burglary.

7        Q    Now, you said at the time of the arrest, the

8    defendant wasn't doing anything wrong.   The arrest

9    report makes no mention also of you contacting the

10   victim to make the victim -- for the victim to press

11   charges, at what point did you contact the victim to

12   press charges?

13       MS. BHANDARI:  Objection to the form of the

14   question.

15       THE COURT:  Do you understand the question.  He

16   wants to know if you ever talked to the victim --

17       THE WITNESS:  Correct.

18       THE COURT:  What's the answer?

19       THE WITNESS:  I didn't talk to the victim, that

20   would be Detective Freeman's job.

21       THE DEFENDANT  Q  But you're the arresting

22   officer.

23       A    Yes.

24       Q    So you arrested the defendant without

H-13

1    contacting the victim?

2         A    Yes, you were placed into custody based on

3    DNA results from the scene.

4         Q    Okay --

5         A    The victim was contacted by Detective

6    Freeman.

7         Q    Okay.  Now, I have some information here --

8              Give me one second, your Honor.

9    THE COURT:  Sure.

10                   (Whereupon there was a short pause

11                    in the proceedings)

12   THE DEFENDANT  Q  So you arrested the defendant

13   based on a CODIS hit, correct?

14        A    Yes.

15        Q    Okay, is that from the Illinois State Police?

16        A    I believe so.

17        Q    Okay, is this what the basis of your arrest

18   was?

19        A    I can't really see that.

20   THE COURT:  You can walk up and hand it to him.

21   That's defense's number one.

22                   What is that, officer?

23   THE WITNESS:  That is a supplementary report done

24   by, I would assume the detective.

1       THE COURT:  What do you want to know about the

2   supplementary report?

3       THE DEFENDANT  Q  Is this the basis of your

4   arrest?

5       A    No, this is done after the fact.  The CODIS

6   hit is a separate report by itself.

7       THE COURT:  He didn't write the report.  You got

8   to ask him about (Inaudible).

9       THE DEFENDANT:  Okay, the question I'm asking,

10  your Honor, is this report that I have is from the

11  Illinois State.  It says it is CODIS hit, this is the

12  information that they gathered --

13      THE COURT:  He said he got information from the

14  Illinois State Police.  You can ask him about the

15  information he received.  That's not relevant what

16  somebody else put in a police report.

17      THE DEFENDANT:  Okay, the reason I asked this,

18  your Honor, is if the basis of this arrest was based on

19  a miscommunication from this CODIS hit, it says clearly

20  on this report that this is for investigative purposes

21  only, and they should not have made an arrest based

22  solely on this information.

23      THE COURT:  You can ask him about the information

24  he received, not what somebody else said.

1      THE DEFENDANT  Q  Okay, what information did you

2    receive from the CODIS hit?

3    A    That you were identified through the CODIS

4    hit as leaving DNA at the scene of a burglary.

5    Q    Okay, you said the information that the CODIS

6    hit says that the information that I left DNA at the

7    scene of a burglary?

8    A    I believe it came back with your name and

9    your IR number, yes.

10    Q    But I'm looking at the CODIS hit from the

11   supplementary report that says it makes no mention of a

12   burglary?

13    A    That's not the CODIS report, that's a

14   supplementary report that's done by a detective.

15   That's different from a CODIS hit.

16    Q    So you're saying this is not the basis of

17   your arrest -- of the arrest?

18    A    That's a report generated by a detective,

19   that's not the CODIS report.

20    THE COURT:  Post arrest?

21    THE WITNESS:  That I don't -- I don't know if it

22   was post --

23    THE DEFENDANT:  The reason I'm bringing this up,

24   your Honor, I'm looking at the arrest report here, and

H-16

1    the arrest report, it says, it says were --

2         MS. OLSON:  Objection, Judge.

3         THE COURT:  You don't get to read from the arrest

4    report.

5         THE DEFENDANT:  Okay, in the arrest report, the

6    official arrest report, it says that the defendant was

7    arrested --

8         MS. OLSON:  Objection.

9         THE COURT:  Did you understand what I just said.

10   If you have a question of this witness, ask the

11   witness, don't tell me what the report says.

12        THE DEFENDANT  Q  Okay, in your arrest report, why

13   did you say that you arrested the defendant based on

14   what?

15        A    Based on DNA results, and I believe I put the

16   report number in there or the CODIS hit number in the

17   report.

18        Q    Okay, is the case number for this CODIS hit,

19   C 11 34811, and DNA Association No. 15730?

20        A    I don't know it offhand.  I'd have to look at

21   it.

22        THE DEFENDANT:  Can I show him.

23        THE COURT:  Did you put that in your report?

24        THE WITNESS:  I did write the narrative --

H-17

1        THE COURT:  Is that your report?

2        THE WITNESS:  If it's the arrest report, then yes.

3        THE COURT:  Well, then show him to see if it's the

4    arrest report.  That's defendant's number two.

5                    Is that the arrest report?

6        THE WITNESS:  Yes.

7        THE COURT:  Did you write that information?

8        THE WITNESS:  Yes.

9        THE COURT:  Okay, so it is what it is, he wrote

10   it.

11       THE DEFENDANT  Q  Okay, now based on this arrest

12   report, these numbers that is on this arose report and

13   CODIS hit matches the same thing on this information

14   right here.  So the basis of your arrest was based on

15   this information from the CODIS from the Illinois State

16   Police, correct?

17       THE COURT:  Now, you're holding another piece of

18   paper that you haven't identified.  He's already said

19   to you that's not the CODIS hit.

20       THE DEFENDANT:  Okay, your Honor, bare with me,

21   please because I'm holding this case report, this

22   supplementary case report, and the numbers on this

23   supplementary case report from the forensic -- from the

24   Illinois State Police Forensic Science Center has the

H-18

1    exact same numbers on this arrest report, but --

2         THE COURT:  Okay.

3         THE DEFENDANT:  But on this supplementary report,

4    it says clearly do not arrest based on this

5    information.

6         MS. OLSON:  Objection.

7         THE COURT:  He didn't write that report.  You

8    can't ask him about what somebody else reported.  If

9    you want to know what the Illinois State Police has to

10   say about that, you need to call the Illinois State

11   Police has to say about that, you need to call the

12   Illinois State Police, not him, he works for Chicago.

13        THE DEFENDANT:  Okay, that's what I'm getting

14   confused about, your Honor.

15        THE COURT:  Well, there's nothing to be confused

16   about.  He arrested you, he told you why.  Because you

17   don't like it is not a reason to keep asking him the

18   same question.  If you think there's some reason why he

19   shouldn't have arrested you based on the CODIS hit,

20   then you need to call the Illinois State Police who

21   wrote that or the detective, but not him.

22        THE DEFENDANT:  Okay.

23        THE COURT:  He didn't write any of that.

24              Did you?

1          THE WITNESS:  No.

2          THE COURT:  There you go.

3          THE DEFENDANT  Q  The basis of your arrest was a

4     police communication or a CODIS hit from police

5     communication?

6          A    You were brought in because of your DNA and

7     CODIS hit, yes.

8          THE COURT:  It's clear why he arrested you.  I

9     have no problem understanding why he arrested you.

10         THE DEFENDANT  Q  Okay, how did you find out about

11    this CODIS hit?

12         A    Through Detective Freeman.

13         Q    So through police communication, right?

14         A    Through a detective, yes.

15         THE DEFENDANT:  Your Honor, can I cite case law on

16    that.

17         THE COURT:  On what?

18         THE DEFENDANT:  On what he just said.

19         THE COURT:  No, that's for argument.

20              Are you done asking him questions?

21         THE DEFENDANT:  Yes.

22         THE COURT:  Do you have any questions of this

23    officer?

24         MS. BHANDARI:  No, Judge.

H-20