# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Victor Watkins (#B-37732), | ) | |
| Plaintiff, | ) | No. 13 C 9239 |
| v. | ) | Judge James B. Zagel |
| Anthony Martin, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Victor Watkins, an Illinois prisoner, brought this 42 U.S.C. § 1983 action against Chicago Police Officer Anthony Martin, alleging that Defendant Martin arrested him without probable cause. This matter is before the Court on Defendant's motion to dismiss Plaintiff's amended complaint. For the following reasons, the motion is denied. This case, however, is stayed pending resolution of Plaintiff's underlying criminal proceedings.

## Background

Plaintiff Victor Watkins brought this *pro se* federal civil rights action against Chicago Police Officer Martin, arising from events that precipitated Plaintiff's criminal conviction for theft. According to Plaintiff and documents attached to his amended complaint, on April 8, 2013, Plaintiff was attending a closed alcoholics' anonymous meeting on the City's south side, when Defendant entered the meeting and arrested Plaintiff for burglary. The crime for which Plaintiff was arrested had been reported nearly two years earlier and allegedly involved "some items missing" from the victim's "perfectly intact car." The police report, however, shows that the victim's vehicle had been broken into and items valued at over $1,200 had been taken from the vehicle without the victim's permission. The passenger-side door was open at the time the crime was discovered, and blood was found on the inside handle of that door. DNA tests

performed on the blood returned a match to Plaintiff but the DNA report noted, "[d]o not arrest solely on the basis of this DNA information." No arrest warrant had issued at the time of Plaintiff's arrest. According to Plaintiff, Defendant arrested him solely on the basis of the DNA report.

Plaintiff was convicted of theft following a bench trial and sentenced to 12 years imprisonment. Plaintiff is appealing his conviction.

## Discussion

Defendant moves to dismiss Plaintiff's amended complaint on three grounds. First, Defendant argues that Plaintiff failed to state a claim for false arrest because, according to Defendant, Plaintiff pleaded facts showing that Defendant had probable cause to arrest Plaintiff. Second, Defendant argues that Plaintiff's false arrest claim constitutes a collateral attack on Plaintiff's conviction and therefore is barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). Third, Defendant argues that his actions are shielded by qualified immunity because (1) at the time of Plaintiff's arrest, no clearly established right not to be arrested based on a positive DNA match existed; and (2) any reasonable officer in Defendant's shoes would have believed there was probable cause to arrest Plaintiff.

It is well-established that *pro se* complaints are to be liberally construed. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007); *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). A court may dismiss a complaint for failure to state a claim only if the plaintiff did not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When considering whether to dismiss a complaint, a court must accept as true the complaint's well-pleaded factual allegations and draw all reasonable inference in the plaintiff's favor. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). A plaintiff

may, however, plead himself out of court by pleading facts showing that his claim is without merit. *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011).

When deciding a motion to dismiss for failure to state a claim, the Court may consider documents attached to the plaintiff's pleading without converting the motion into a motion for summary judgment. *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 556 (7th Cir. 2012). The Court may also consider documents referenced in the plaintiff's pleading so long as the documents are central to the plaintiff's claims. *See Cancer Found., Inc. v. Cerberus Capital Mgmt.*, 559 F.3d 671, 675 n.1 (7th Cir. 2009) (citing *Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

A.  **Probable Cause**

Defendant first argues that Plaintiff failed to state a claim for false arrest because Plaintiff pleaded facts showing that Defendant had probable cause to arrest Plaintiff. Probable cause is an absolute defense to a claim of false arrest under section 1983. *Sow v. Fortville Police Dept.*, 636 F.3d 293, 301-02 (7th Cir. 2011); *McBride v. Grice*, 576 F.3d 703, 707 (7th Cir. 2009). A police officer has probable cause to make an arrest when the facts and circumstances known to the officer at the time of the arrest would cause a reasonable person to believe that the suspect has committed or is committing a crime. *Matthews v. City of E. St. Louis*, 675 F.3d 703, 706 (7th Cir. 2012). A probable cause determination "typically falls within the province of the jury" and is appropriate for a court to conclude as a matter of law only "when there is no room for a difference of opinion concerning the facts or the reasonable inferences to be drawn from them." *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1246 (7th Cir. 1994).

The record is insufficient for the Court to determine as a matter of law whether probable cause existed or not at the time of Plaintiff's arrest. Even though Plaintiff alleges that Defendant

arrested him solely on the basis of the DNA match, Plaintiff's belief concerning the facts known to the arresting officer are insufficient to establish probable cause or the lack thereof. Instead, the inquiry is on what the arresting officer knew at the time of the arrest, and at this time, the record is not developed enough to show all the facts known to Defendant at the time of Plaintiff's arrest.

Defendant also identified no case law similar enough to the facts presented by this case to prevail on his argument that Plaintiff pleaded himself out of court on the issue of probable cause. For example, in *Myles v. Laterzo*, No. 08-CV-202, 2009 WL 1437574, at *1 (N.D. Ind. May 20, 2009), the court found probable cause to support the plaintiff's arrest where DNA and fingerprints recovered from the scene of a robbery returned a match to the plaintiff. In particular, reports of two eyewitnesses to the crime showed that the perpetrator handcuffed two store employees during commission of the offense. *Id.* Fingerprints recovered from the handcuffs and DNA recovered from latex gloves left at the crime scene returned a positive match to the plaintiff. *Id.* at *4. On initial screening, the court concluded that probable cause for the arrest existed because "forensic test results positively, if not absolutely, pointed to the [p]laintiff." *Id.* The court's reasoning in *Myles*, however, only applies to this case if it is taken out of context because the record in *Myles* shows that eyewitness testimony linked the items on which the DNA was found with the plaintiff and commission of the offense. No such facts have been pleaded here.

Similarly, in *United States v. Johnson*, No. 11-CR-139, 2012 WL 1998046, at *1-2 (N.D. Ind. June 4, 2012), the court found probable cause existed to issue a search warrant where DNA recovered from gloves used during a robbery returned a match to the criminal defendant. Specifically, witnesses reported that the perpetrators of the robbery were wearing clear latex

4

gloves. *Id.* at *1. The criminal defendant's DNA subsequently was found on a pair of red-stained, clear latex gloves that were recovered one block away from where the get-away car and stolen money (which also had been stained red by an exploded dye pack) were abandon. *Id.* Thus, like in *Myles*, the record before the *Johnson* court contained evidence establishing a link between the criminal defendant, the crime scene, and items known to have been used during commission of the offense.

Here, the record before the Court simply is not well-developed enough for the Court to determine as a matter of law what Defendant knew at the time of Plaintiff's arrest and whether those facts, in the context of Plaintiff's case, constitute probable cause.

**B.** *Heck v. Humphrey*

Defendant next argues that Plaintiff's false arrest claim is barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). The Supreme Court instructed in *Heck* that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. at 487. Until the sentence has been invalidated, the cause of action for damages does not accrue. *Heck*, 512 U.S. at 489-90.

The Seventh Circuit has interpreted *Heck* to allow some claims for false arrest under section 1983 to proceed regardless of whether the conviction has been invalidated. *See, e.g., Booker v. Ward*, 94 F.3d 1052, 1056 (7th Cir. 1996). The Seventh Circuit has explained: "[A] wrongful arrest claim, like a number of other Fourth Amendment claims, does not inevitably undermine a conviction; one can have a successful wrongful arrest claim and still have a perfectly valid conviction." *Id.*

The facts pleaded by Plaintiff do not show that a finding that Defendant lacked probable cause for Plaintiff's arrest would *necessarily* imply the invalidity of Plaintiff's conviction for theft. Instead, the facts alleged by Plaintiff's might imply the invalidity of his conviction if the facts giving rise to probable cause were the same facts supporting Plaintiff's conviction. But the record is not fully developed and, given the facts before the Court, is too scant to allow the Court to determine at this time that a favorable ruling on Plaintiff's claim would necessarily imply the invalidity of his conviction.

C.  **Qualified Immunity**

Finally, Defendant argues that his actions are shielded by qualified immunity because (1) at the time of Plaintiff's arrest, no clearly established right not to be arrested based on a positive DNA match existed; and (2) any reasonable officer in Defendant's shoes would have believed there was probable cause to arrest Plaintiff. "Qualified immunity protects government officials from liability for civil damages if their actions did not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Viilo v. Eyre*, 547 F.3d 707, 709 (7th Cir. 2008) (quoting *Harlow v. Fitzgerald*, 547 U.S. 800, 818 (1982)). Thus, even when an officer lacks probable cause, he is still entitled to qualified immunity if "a reasonable officer could have mistakenly believed that probable cause existed." *Humphrey v. Staszak*, 148 F.3d 719, 725 (7th Cir. 1998). Most qualified immunity claims, however, are too fact-intensive for courts to decide on a Rule 12(b)(6) motion to dismiss. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1090 (7th Cir. 2008).

Defendants' qualified immunity argument suffers from the same flaw as his probable cause argument. That is, the record is insufficient to show what Defendant knew at the time of Plaintiff's arrest and thus the reasonableness of Defendant's conduct cannot be determined at this

6

time. Because this case is in its early stages and the facts surrounding Plaintiff's arrest are not fully developed, dismissal on the basis of qualified immunity is not appropriate. *See id.*; *Jacobs v. City of Chicago*, 215 F.3d 758, 775 (7th Cir. 2000) ("Rule 12(b)(6) is a mismatch for immunity and almost always a bad ground of dismissal."); *see also Bruce v. Guernsey*, 777 F.3d 872, 878-79 (7th Cir. 2015) (reversing dismissal on basis of qualified immunity concerning issue of probable cause and explaining that defendant may re-raise qualified immunity defense on fully developed record).

D.   *Younger v. Harris*

Under the doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 43-45 (1971), federal courts must abstain from hearing federal constitutional claims that may interfere with ongoing state criminal proceedings. The *Younger* abstention doctrine applies to civil cases in which the federal plaintiff seeks damages for misconduct in an underlying criminal case. *Simpson v. Rowan*, 73 F.3d 134, 137-38 (7th Cir. 1995). It is appropriate to stay a plaintiff's section 1983 civil right lawsuit for false arrest during the pendency of the state criminal proceedings because the policy against federal interference with pending state proceedings would be frustrated where a plaintiff's section 1983 lawsuit could require a federal court to decide issues that are potentially subject to adjudication in the underlying criminal proceedings. *Id.* In other words, it is appropriate to stay a case under *Younger* when the federal court's exercise of jurisdiction would potentially intrude into the state criminal proceedings. *Id.*

Plaintiff asserts in his amended complaint, and Defendant appears to concur, that Plaintiff currently is appealing his criminal conviction. A transcript attached to Plaintiff's amended complaint also shows that Plaintiff contested the probable cause giving rise to his arrest before the state trial court and thus the issue was preserved for appeal. Because the issue of probable

7

cause or other related issues may arise before the state appellate courts, it is appropriate for this Court to stay Plaintiff's federal action pending resolution of Plaintiff's criminal proceedings.

## Conclusion

For the reasons discussed above, Defendant's motion to dismiss Plaintiff's amended complaint [#34] is denied. This case is stayed pending the outcome of Plaintiff's state criminal proceedings. Plaintiff is ordered to file a status report every sixty days to report the status of his criminal proceedings.

Date: 4/29/15          /s/ [signature]