UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VICTOR WATKINS (B-37732), | ) |
| Plaintiff, | ) |
| | ) No. 13 C 9239 |
| | ) |
| | ) Hon. James B. Zagel |
| ANTHONY MARTIN, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Victor Watkins, brought this *pro se* action alleging Defendant arrested him without probable cause. Presently before the Court is Defendant's motion for summary judgment. Defendant's motion is granted.

## BACKGROUND

Consistent with the local rules, Defendant filed a Local Rule 56.1(a)(3) statement of undisputed facts and served Plaintiff a Local Rule 56.2 Notice, which explains in detail the requirements of Local Rule 56.1.

Local Rule 56.1(b)(3) requires that the opposing party's response to the movant's statement of undisputed facts must respond to each numbered paragraph and include specific references to supporting materials for those statements that are disputed. L.R. 56.1(b)(3)(B). In addition, the opposing party must submit their own statement of any additional facts that require denial of summary judgment, including references to supporting materials to support the additional statement of additional facts. L.R. 56.1(b)(3)(C).

Plaintiff failed to respond to Defendants' undisputed facts and he failed to submit his own statement of any additional facts that require denial of summary judgment. Instead, Plaintiff submitted "Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary

Judgment." Plaintiff's "memorandum" does include Plaintiff's argument in opposition to Defendants' motion and copies of exhibits Plaintiff relies upon in his opposition to the Defendants' motion.

Plaintiff's status as a *pro se* litigant does not excuse him from complying with Local Rule 56.1. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"); *Coleman v. Goodwill Indus. of Se. Wis., Inc.*, 423 F. App'x 642, 643 (7th Cir. 2011) ("Though courts are solicitous of pro se litigants, they may nonetheless require strict compliance with local rules."); *Wilson v. Kautex, Inc.*, 371 F. App'x 663, 664 (7th Cir. 2010) ("strictly enforcing Local Rule 56.1 was well within the district court's discretion, even though Wilson is a pro se litigant") (citations omitted); *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006) ("even *pro se* litigants must follow rules of civil procedure"). Given Plaintiff's failure to comply with Local Rule 56.1(b), Defendants' Local Rule 56.1(a)(3) statement are deemed admitted. *See* N.D. Ill. L.R. 56.1(b)(3)(C) ("All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party."); *Keeton v. Morningstar, Inc.*, 667 F.3d 877, 880-81, 884 (7th Cir. 2012); *Parra v. Neal*, 614 F.3d 635, 636 (7th Cir. 2010); *Rao v. BP Prods. N. Am., Inc.*, 589 F.3d 389, 393 (7th Cir. 2009); *Ciomber v. Cooperative Plus, Inc.*, 527 F.3d 635, 643-44 (7th Cir. 2008) (affirming the district courts's refusal to consider plaintiff's Rule 56.1 response that did not comply with local rule); *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006); *Schrott v. Bristol-Myers Squibb Co.*, 403 F.3d 940, 943-44 (7th Cir. 2005); *Smith v. Lamz*, 321 F.3d 680, 682-83 (7th Cir. 2003).

Based on the above, the pertinent facts are as follows:

At the time of his arrest, Plaintiff was residing in Chicago, Illinois. (Defs.' 56.1(a)(3) Statement ¶ 5.) Defendant, Anthony Martin was, and is, employed by the City of Chicago as a police officer and, at all times relevant to this incident, was engaged in the performance of his duties as a member of the Chicago Police Department. (*Id.*, ¶ 6.)

On August 4, 2011, Donita Nurse discovered that her car door and trunk were open and that her car window was broken. (Defs.' 56.1(a)(3) Statement ¶ 7.) Nurse also noticed that some medication and beauty products were missing from the inside of her car. (*Id.*, ¶ 8.) To secure her car, Nurse drove the car to be repaired, which is when she noticed blood on the inner panel door of the car. (*Id.*, ¶ 9.) After having the car repaired, Nurse drove her car to a Chicago Police station to make a report and to have the blood found inside her car swabbed. (*Id.*, ¶ 10.) At the time when Nurse made her initial police report, the incident was recorded as a theft; however, the incident was later described and investigated as a burglary. (*Id.*, ¶ 11.)

A sample of the blood swabbed from inside Nurse's car was sent to the Illinois State Police Forensic Service Center, which issued a Combined DNA Index System (CODIS) report on March 26, 2013, that positively matched Plaintiff to the blood found on Nurse's car. (Defs.' 56.1(a)(3) Statement ¶ 12.) On April 8, 2013, Officer Martin arrested Plaintiff at an Alcoholics' Anonymous (AA) meeting. During his state criminal proceedings, Plaintiff moved *pro* se to suppress his arrest for lack of probable cause. (Defs.' 56.1(a)(3) Statement ¶ 15.) On September 19, 2013, the criminal court held an evidentiary hearing on Plaintiff's motion to suppress his arrest. (*Id.*, ¶ 16.) During the hearing, Plaintiff gave an opening statement, elicited witness testimony, and presented closing arguments. (*Id.*)

In his opening statement, Plaintiff specified that he was challenging his arrest based on

3

probable cause. (Defs.' 56.1(a)(3) Statement ¶ 17.) Detective Freeman testified at the suppression hearing that he was responsible for investigating the alleged burglary of Nurse's car. (*Id.*, ¶ 19.) As part of the investigation, Detective Freeman received the CODIS Report from the Illinois State Police that positively matched Plaintiff with blood recovered from Nurse's car. (*Id.*, ¶ 20.) After receiving the report, Detective Freeman met with Nurse to show her a photo of Plaintiff and to ask if she knew Plaintiff or knew of any reason why his DNA would be in her car. (*Id.*, ¶ 22.) Nurse indicated that she had never seen Plaintiff before and had never given him permission to enter her car. (*Id.*, ¶ 23.)

Officer Martin then testified that he received the CODIS Report from Detective Freeman. (Defs.' 56.1(a)(3) Statement ¶ 24.) Officer Martin used the CODIS Report to locate Plaintiff's contact information, which he then used to call and speak with Plaintiff. (*Id.*, ¶ 27.) During the telephone conversation, Plaintiff agreed to meet Officer Martin later that day and gave Officer Martin his location at an AA meeting, where Plaintiff was later arrested. (*Id.*, ¶ 28.) Officer Martin relied upon police communication from Detective Freeman regarding the burglary investigation into Nurse's car and on the CODIS Report given to him by Detective Freeman to arrest Plaintiff. (*Id.*, ¶ 26.)

The criminal court denied Plaintiff's motion to suppress his arrest, finding there was probable cause to arrest him. (Defs.' 56.1(a)(3) Statement ¶ 29.) Plaintiff moved to reconsider the denial of his motion, but on the day the motion was to be considered, Plaintiff stated that he just wanted to get the case over with and a trial date was set. (*Id.*, ¶ 31.) On October 4, 2013, following a bench trial, Plaintiff was convicted of burglarizing Nurse's car on or about August 3, 2011. (*Id.*, ¶ 14.) On November 18, 2013, Plaintiff appealed his criminal case to the Illinois Appellate Court. (*Id.*, ¶ 32.) Plaintiff did not contest the charging

4

instrument underlying his criminal appeal and forwent on the issue of probable cause for his arrest. (*Id.*, ¶ 34.) On December 4, 2015, the state appellate court upheld Plaintiff's conviction. (*Id.*, ¶ 35.)

## ANALYSIS

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed.2d 202 (1986). In determining summary judgment motions, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007). The party seeking summary judgment has the burden of establishing that there is no genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). After "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.' " *Anderson*, 477 U.S. at 255 (quotation omitted). Correctional officials and health care providers may not act with deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Fields v. Smith*, 653 F.3d 550, 554 (7th Cir. 2011).

Defendant argues that Plaintiff's false arrest claim fails because probable cause is an absolute defense to Plaintiff's claim and Plaintiff is collaterally estopped from arguing a lack of probable cause.

Collateral estoppel, also referred to as issue preclusion, bars the relitigation of issues already litigated and decided in a prior proceeding. *Reed v. Illinois*, 808 F.3d 1103, 1107-1108

(7th Cir. 2015); *Adair v. Sherman*, 230 F.3d 890, 893 (7th Cir. 2000). Collateral estoppel can bar a plaintiff from relitigating a Fourth Amendment false arrest claim that he lost at a criminal suppression hearing. *See Allen v. McCurry*, 449 U.S. 90, 104-05 (1980). An issue is barred by the doctrine of collateral estoppel if: (1) the issue sought to be precluded is the same as that involved in a prior action; (2) there was a final judgment on the merits in the prior litigation; (3) the party whom estoppel is asserted was a party or in privity with a party in the prior action; and (4) the party against whom issue preclusion is invoked had a full and fair opportunity to litigate the issue in the prior action. *Reed*, 808 F.3d at 1107, quoting *Talarico v. Dunlap*, 177 Ill. 2d 185 (1997).

The undisputed facts demonstrate that Plaintiff's false arrest claim is barred by collateral estoppel. During his state criminal proceedings, Plaintiff moved *pro se* to suppress his arrest for lack of probable cause. The criminal court held an evidentiary hearing on Plaintiff's motion to suppress his arrest during which Plaintiff gave an opening statement, elicited witness testimony, and presented closing arguments.

In his opening statement, Plaintiff specified that he was challenging his arrest based on probable cause. During the hearing Detective Freeman testified that he was responsible for investigating the alleged burglary of Nurse's car. As part of the investigation, Detective Freeman received the CODIS Report from the Illinois State Police that positively matched Plaintiff with blood recovered from Nurse's car. After receiving the report, Detective Freeman met with Nurse to show her a photo of Plaintiff and to ask if she knew Plaintiff or knew of any reason why his DNA would be in her car. Nurse indicated that she had never seen Plaintiff before and had never given him permission to enter her car.

Officer Martin then testified that he received the CODIS Report from Detective Freeman. Officer Martin used the CODIS Report to locate Plaintiff's contact information, which he then

6

used to call and speak with Plaintiff. During the telephone conversation, Plaintiff agreed to meet Officer Martin later that day and gave Officer Martin his location at an AA meeting, where Plaintiff was later arrested. Officer Martin relied upon police communication from Detective Freeman regarding the burglary investigation into Nurse's car and on the CODIS Report given to him by Detective Freeman to arrest Plaintiff.

The criminal court denied Plaintiff's motion to suppress his arrest, finding there was probable cause to arrest him. Plaintiff moved to reconsider the denial of his motion, but on the day the motion was to be considered, Plaintiff stated that he just wanted to get the case over with and a trial date was set.

These undisputed facts demonstrate that (1) the issue sought to be precluded is the same as that involved in a prior action; (2) there was a final judgment on the merits in the prior litigation; and (3) Plaintiff was a party in the prior action. In addition, these undisputed facts demonstrate that Plaintiff had a full and fair opportunity to litigate the issue in the prior action. Plaintiff's status as a *pro se* litigant in state court does not insulate him from the doctrine of collateral estoppel. *DeGuelle v. Camilli*, 724 F.3d 933, 938 (7th Cir. 2013). Plaintiff gave an opening statement, elicited witness testimony, and presented closing arguments. Plaintiff attempts to argue he did not have a full and fair opportunity to litigate the matter but his argument is merely an attack on the finding of probable cause by the state court and his disagreement with the state court's findings – not whether he had a full and fair opportunity to actually litigate the issue.

The state-court judge found probable cause existed to arrest Plaintiff. Probable cause is a complete defense to Plaintiff's false arrest claim. *See Hart v. Mannina*, 798 F.3d 578, 587 (7th Cir. 2015); *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006). Thus, Plaintiff is estopped from litigating the issue of whether probable cause existed and judgment must be

entered in Defendants' favor as to his claim.

Defendants also argue that Plaintiff's claim fails on its merits.

The undisputed facts demonstrate that Officer Martin had probable cause to arrest Plaintiff (irrespective of whether collateral estoppel prevents him from arguing otherwise). Probable cause to arrest exists if the totality of the facts and circumstances known to the police officer at the time of the arrest would warrant a reasonable person to believe the person had committed a crime. *Hart*, 798 F.3d at 587. Certainty is not required; instead, the determination is made based on the common-sense judgement of the police officer based on the totality of the circumstances known to the officer. *Id.*

The undisputed facts clearly demonstrate that there was probable cause to arrest Plaintiff for burglary. A person commits a burglary when he "knowingly enters ... a ... motor vehicle [without authority and] with intent to commit a felony or theft." 720 ILCS 5/19-1. Theft occurs when a person "knowingly obtains or exerts unauthorized control over property of the owner." 720 ILCS 5/16-1.

It is undisputed that Nurse found her car with a broken window and an open truck and that personal items were missing from the car. It is also undisputed that blood was found inside Nurse's car and this blood positively matched to Plaintiff in a CODIS report issued by the Illinois State Police. In addition, Nurse did not know Plaintiff, did not give him permission to enter her car, and knew of no reason why his blood would be inside her car.

These undisputed facts, known to Officer Martin at the time of Plaintiff's arrest, demonstrate probable cause to arrest Plaintiff for theft and/or burglary, an absolute bar to Plaintiff's false arrest claim. Plaintiff's argument that Officer Martin arrested him after reading the CODIS report merely because the report indicated a history of other crimes and his arrest was

8

based on profiling, prejudice and bias are without merit and ignore the above undisputed facts. Furthermore, Plaintiff's newest argument, filed after Defendant's reply brief, is without merit. Plaintiff argues that he was wrongfully convicted because the car did not belong to Nurse. Even if the car did not belong to Nurse, that fact does not alter the facts known to Officer Miller at the time of the rest. Thus, that fact does not negate probable cause to arrest Plaintiff at the time of the arrest.

Lastly, Defendant argues he is entitled to qualified immunity. Because the Court finds that Officer Miller had probable cause to arrest Plaintiff, it is unnecessary to reach Defendant's qualified immunity argument.

For the foregoing reasons, Defendant is entitled to judgment as a matter of law. Defendant's motion for summary judgment is granted. Final judgment will be entered. If Plaintiff wishes to appeal, he must file a notice of appeal with this Court within thirty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. *See Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). If the appeal is found to be non-meritorious, Plaintiff could be assessed a "strike" under 28 U.S.C. § 1915(g). If a prisoner accumulates three "strikes" because three federal cases or appeals have been dismissed as frivolous or malicious, or for failure to state a claim, the prisoner may not file suit in federal court without pre-paying the filing fee unless he is in imminent danger of serious physical injury. *Ibid.* If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* in this Court. *See* Fed. R. App. P. 24(a)(1).

Plaintiff need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. However, if Plaintiff wishes the Court to reconsider its judgment, he may file a motion

under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* Fed. R. Civ. P. 59(e). The time to file a motion pursuant to Rule 59(e) cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* Fed. R. App. P. 4(a)(4)(A)(iv). Any Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). The time to file a Rule 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi).

## CONCLUSION

Defendant's motion for summary judgment [76] is granted. Judgment is rendered in favor of Defendant. This case is terminated.

Dated: July 11, 2016 /s/ James B. Zagel